FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>REYNALDO PEREZ MUNOZ,<br><br>Defendant/Petitioner. | No. 4:18-cr-6008-EFS-2<br>[No. 4:25-cv-5012-EFS]<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS MR. MUNOZ'S 2255 HABEAS PETITION AS UNTIMELY** |

Defendant Reynaldo Perez Munoz, who is in custody pursuant to his federal drug conviction, asks the Court to vacate and set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 because his trial counsel ineffectively assisted him during plea and sentencing.[1] The

---

[1] ECF No. 508. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody . . . claiming the right to be released upon the ground that the sentence

ORDER - 1

1   United States argues that Mr. Munoz failed to timely file his motion

2   seeking § 2255 habeas relief and therefore the Court must dismiss

3   Mr. Munoz's motion.[2] In response, Mr. Munoz's habeas counsel—

4   Michael Severo—concedes that the § 2255 motion was untimely filed

5   because of "a combination of factors, including his own 'gross

6   negligence, which entitles [Mr. Munoz] to equitable tolling, and such

7   other grounds.'"[3] After reviewing the filings and relevant authority, the

8   Court finds that Mr. Severo's miscalculation of the § 2255 filing

9   deadline—and his actions and communications related to his

---

was imposed in violation of the Constitution or laws of the United

States . . . may move the court which imposed the sentence to vacate,

set aside or correct the sentence.").

[2] ECF No. 511.

[3] ECF No. 512 at 2; ECF No. 512-1 ¶ 7.

ORDER - 2

miscalculation of the deadline—do not serve as a basis for equitable tolling.[4] The United States' motion to dismiss is granted.

### A.   Background

Mr. Munoz and several codefendants were charged with drug and money laundering charges—relating to a conspiracy involving millions of dollars of drugs.[5] Mr. Munoz retained counsel. Within about eighteen months of the initial indictment, each of Mr. Munoz's co-

---

[4] Mr. Severo requests a hearing; but a hearing is not necessary. This is no evidentiary uncertainty as to why the habeas motion was filed one week late: Mr. Severo declared it was due to him believing the deadline was February 5, 2025, not January 29, 2025. *See* LCivR 7(i)(3)(B)(iii) (allowing the court to decide that oral argument "is not warranted and proceed to determine any motion without oral argument"); *Orthel v. Yates*, 795 F.3d 935, 939–40 (9th Cir. 2015) (specifying that an evidentiary hearing need not be held when the record reflects that, even if the assertions supporting the request for equitable tolling are true, the habeas petitioner would not be entitled to equitable tolling).

[5] ECF No. 98; ECF No. 457 ¶¶ 19, 26–29.

ORDER - 3

1  defendants, including his wife, pled guilty pursuant to a plea

2  agreement to either the charges contained in superseding indictment

3  or to misprision of a felony in an information superseding indictment.[6]

4  Thereafter, Mr. Munoz filed a Factual Statement on Plea, that

5  contained the facts he would agree to as to each of the four charged

6  counts against him.[7] The same day Mr. Munoz entered a guilty plea,

7  without a plea agreement, to the four charged counts. During the plea

8  hearing, the Court advised Mr. Munoz of his rights, ensured he was not

9  being forced to enter a guilty plea, and elicited the facts to support Mr.

10  Munoz's guilty plea.[8] In addition, during the plea hearing, Mr. Munoz's

11  counsel, Roger Peven, provided the Court with the copy of the draft

12  plea agreement, which the United States had previously provided to

13  Mr. Peven, but which Mr. Munoz elected not to agree to.[9] Mr. Peven

14  stated, "Your Honor, if the record could reflect that the draft plea

---

[6] ECF Nos. 243, 248, 287, 288.

[7] ECF No. 308.

[8] ECF No. 484.

[9] ECF No. 484 at 11–12, 14–15, 27.

ORDER - 4

agreement has been in the possession of Mr. Munoz for a significant period of time, and all of these matters he has reviewed and I have reviewed with him, and the Court has reviewed that with him this morning as well." Upon inquiry from the Court, Mr. Munoz acknowledged that the draft plea agreement had been available to him to review, including the draft plea agreement's estimated U.S. Sentencing Guideline range.[10] Later during the plea hearing, the Court asked Mr. Munoz how he plead to each of the four counts of the superseding indictment. Mr. Munoz stated he plead guilty and agreed that he was pleading guilty because he was truly guilty.[11] The Court accepted Mr. Munoz's guilty pleas and scheduled sentencing.[12]

Due to the Covid-19 pandemic, the sentencing hearing was postponed about 1½ years. At no point prior to sentencing did Mr. Munoz contact the Court with a concern about the plea hearing or entry of guilty pleas, although Mr. Munoz did contact the Court

---

[10] *Id.* at 27.

[11] *Id.* at 30–32.

[12] ECF Nos. 312, 313.

ORDER - 5

regarding a medical issue and his concern about the sentencing hearing being continued.[13]

Mr. Munoz's five-hour sentencing hearing was held in April 2021.[14] Testimony was received from three FBI agents about the drug trafficking and money laundering organization. After considering the applicable U.S. Sentencing Guideline range of life imprisonment, along with the other 18 U.S.C. § 3553 factors, the Court imposed an imprisonment sentence of 26 years on Count 1 and 20 years on Counts 2-4, with each of the terms to run concurrently.[15]

Mr. Munoz appealed his conviction and sentence.[16] The Ninth Circuit affirmed the conviction and sentence, entering the order denying the petition for panel rehearing on October 31, 2023, and the mandate on November 8, 2023.[17]

---

[13] ECF Nos. 386, 419.

[14] ECF No. 459.

[15] ECF Nos. 460, 461.

[16] ECF No. 465.

[17] ECF No. 505–07 (9th Cir. No. 21-30115).

ORDER - 6

**B.     Standard**

Section 2255(f) imposes a one-year period of limitation. The parties agree the one-year period runs from the "date on which the judgment of conviction becomes final."[18] A judgment of conviction becomes final when the U.S. Supreme Court "denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[19] The time for filing a certiorari petition is governed by Supreme Court Rule 13.1, which states, "Unless otherwise provided by law a petition for writ of certiorari to review a judgment in any case is timely when it is filed with the Clerk of Court within 90 days from the entry of judgment."[20] Supreme Court Rule 13.3 clarifies that the time to file the petition for writ of certiorari "runs from the date of the entry

---

[18] 28 U.S.C. § 2255(f). *See United States v. Winkles*, 795 F.3d 1134, 1136 n.1 (9th Cir. 2015).

[19] *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

[20] U.S. Sup. Ct. Rule 13.1.

ORDER - 7

of judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ."[21]

This one-year period to file a habeas petition can be equitably tolled. To be entitled to equitable tolling, the claimant must show 1) "that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way and prevented timely filing."[22]

---

[21] U.S. Sup. Ct. Rule 13.3.

[22] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)) (cleaned up). Mr. Munoz argues that it is the United States' burden to establish that equitable tolling does not apply, rather than his duty to establish that equitable tolling should apply. The Court disagrees. As the Ninth Circuit in *United States v. Buckles* stated, "The movant must show that the extraordinary circumstances 'were the cause of his untimeliness.'" 647 F.3d at 889 (cleaned up). Thus, it is Mr. Munoz's burden to show that equitable tolling saves him from the one-year requirement.

ORDER - 8

C.  **Analysis: Equitable Tolling**

The parties agree that Mr. Severo filed Mr. Munoz's § 2255 motion one week too late: on February 5, 2025, rather than January 29, 2025. It is agreed that the one-year filing period was triggered 90 days after October 31, 2023, the date the Ninth Circuit denied Mr. Munoz's direct-appeal rehearing petition. Instead of filing the § 2255 motion by January 29, 2025, Mr. Severo filed the motion on February 5, 2025, based on his mistaken belief that the 90 days ran from the date the Ninth Circuit issued its direct-appeal mandate on November 8, 2023. Thus, there is no dispute that Mr. Munoz's § 2255 motion was untimely filed. The disputed issue is whether Mr. Munoz establishes that he is entitled to equitable tolling of the filing deadline.

First, Mr. Munoz must show that he diligently pursued his right to file a habeas petition. The Court finds that he did. Mr. Munoz's wife contacted Mr. Severo to assist Mr. Munoz with filing a § 2255 motion, and the Munozes paid Mr. Severo $30,000 to file—and pursue—a § 2255 motion.[23] In January 2025, Mr. Munoz called Mr. Severo to

---

[23] ECF No. 512-1 ¶¶ 24, 29.

ORDER - 9

1 speak about the § 2255 motion and signed and returned the motion and
2 accompanying declaration.[24] Mr. Munoz acted diligently to pursue his
3 right to file a habeas petition.

4 However, based on binding precedent, the second equitable-
5 tolling factor—that some extraordinary circumstance stood in
6 Mr. Munoz's way and prevented timely filing—is not satisfied. Not all
7 attorney errors constitute extraordinary circumstances. For instance,
8 "[a]ttorney miscalculation is simply not sufficient to warrant equitable
9 tolling, particularly in the postconviction context where prisoners have
10 no constitutional right to counsel."[25] Courts have routinely held that "a
11 mistake by a party's counsel in interpreting a statute of limitations
12 does not present the extraordinary circumstance beyond the party's

---

[24] *Id.* ¶¶ 29–30.

[25] *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007); *see also Holland*, 560 U.S. at 651–52 (reaffirming *Lawrence*'s rule that a "simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling").

ORDER - 10

control where equity should step in to give the party the benefit of his erroneous understanding."[26]

In comparison, an attorney's repeated, and consequential, failures to perform competent legal work, or affirmative steps to mislead "a petitioner to believe that a timely petition has been or will soon be filed" may serve as the basis for a court to find extraordinary circumstances justifying equitable tolling of the one-year filing requirement.[27] Therefore, the court must assess whether an attorney's conduct constitutes "professional misconduct," which meets the extraordinary circumstances standard, or "garden variety negligence," which does not.[28]

Mr. Severo contends that his "violations of canons of ethical responsibility, as set forth in his declaration, are sufficient to qualify as

---

[26] *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).

[27] *Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015); *Holland*, 560 U.S. at 653–54.

[28] *Luna*, 784 F.3d at 646.

ORDER - 11

extraordinary circumstances that support tolling by this court."[29] He states that he "failed to act competently, failed to communicate with his client, failed to follow his client's wishes, and breached the retainer agreement – and failed to consult with local counsel as required by the *pro hac vice* order, combine to support a finding of gross negligence."[30]

Mr. Severo lists several failures with the aim of showing that his professional misconduct was gross negligence, rather than garden-variety negligence. However, each of these failures is rooted in Mr. Severo's miscalculation of the § 2255 filing deadline. By failing to research when a "judgment became final" for purposes of § 2255, Mr. Severo mistakenly assumed that the 90-day period to petition for writ of certiorari with the Supreme Court ran when the Ninth Circuit entered its mandate, not from the date the Ninth Circuit denied rehearing of the appeal.[31] He argues that this lack of legal research, along with his assurances to Mr. Munoz, Ms. Munoz, and local counsel

---

[29] ECF No. 512 at 15.

[30] ECF No. 512 at 17 (cleaned up).

[31] ECF No. 512-1 ¶¶ 26–28.

ORDER - 12

1   that he would timely file the petition, violated several ethical canons
2   and thus constitutes gross negligence. But each of these omissions and
3   actions relate directly to his miscalculation of the filing deadline. As
4   the Ninth Circuit stated in an unpublished opinion, the failure to
5   research and know the law, thereby resulting in a miscalculation of a
6   filing deadline, is not distinguishable from the resulting miscalculation
7   of the filing deadline.[32] Here, like in *Frye v. Hickman*, "the
8   miscalculation of the limitations period by [Mr. Munoz's] counsel and
9   his negligence in general do not constitute extraordinary circumstances
10  sufficient to warrant equitable tolling."[33] Mr. Severo did not abandon
11  his client; instead, he merely miscalculated the date by which the
12  § 2255 motion had be filed.

    Regardless of the impact on Mr. Munoz, he may not benefit from
14  equitable tolling to "soften the harsh impact of technical rules which

---

[32] *Bellon v. Neven*, 777 Fed. App'x 856 (9th Cir. 2019). *Compare with Baldayagque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003).

[33] 273 F.3d 1144, 1144 (9th Cir. 2001).

ORDER - 13

might otherwise prevent a good faith litigant from having his day in court."[34]

**D.    Analysis: Actual Innocence**

Lastly, Mr. Munoz maintains that he is innocent of the plead-to crimes and thus should be excused from the one-year § 2255 filing deadline. "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations."[35] Yet, the time-barred habeas petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error."[36] This is an extremely high hurdle that is rarely successful[37].

---

[34] *Buckles*, 647 F.3d at 891.

[35] *McQuiggin v. Perkins*, 569 U.S. 383, 383–84 (2013).

[36] *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

[37] *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014).

ORDER - 14

The underlying record does not support Mr. Munoz's claim of innocence. This is not a case in which the defendant went to trial and was found guilty and then sought habeas relief. Instead, Mr. Munoz filed a Factual Statement on Plea setting forth the facts that he agreed to in support of the charged counts.[38] Then at the change-of-plea hearing, having been sworn to tell the truth under penalty of perjury, Mr. Munoz testified that no one had threatened him to plead guilty and that he had received a copy of the proposed (but declined) plea agreement, which apprised him of the government's view of his conduct and estimated U.S. Sentencing Guideline calculations. After the Court read the charges against him in the superseding indictment, Mr. Munoz plead guilty to Counts 1–4.[39] In response to the Court's repeated question of, "are you pleading guilty because you truly are guilty?," Mr. Munoz responded affirmatively for each of the counts.[40] Absent evidence to the contrary, the Court is entitled to rely on the

---

[38] ECF No. 308.

[39] ECF No. 484.

[40] ECF No. 484 at 32, 35–36.

ORDER - 15

statements Mr. Munoz made at his change of plea hearing—statements the Court found sufficient to support his guilty plea.[41]

Moreover, on appeal, the Ninth Circuit found that the Court "did not plainly err in developing a factual basis for the plea."[42] In addition, at sentencing, the United States presented testimony from agents, transcripts from recorded contacts between an informant and Mr. Munoz or co-defendants, and photographs of evidence obtained during the search warrant of Mr. Munoz's residence, revealing Mr. Munoz's involvement in the charged crimes.[43]

Mr. Munoz has not presented evidence of innocence to satisfy the high hurdle to benefit from the actual-innocence gateway.

---

[41] *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

[42] ECF No. 505.

[43] ECF No. 490.

ORDER - 16

### E. Certificate of Appealability

An appeal of a final order in a § 2255 habeas proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability.[44] A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."[45]

Mr. Munoz has not made the necessary showing. As mentioned above, Mr. Munoz is not a defendant who asserted his innocence and then was found guilty at trial and is seeking habeas relief. Instead, Mr. Munoz, who was represented by counsel of his choice, had the opportunity to review and discuss a proposed plea agreement offer from the government, filed a plea statement, and engaged in a plea colloquy with the Court, before entering a guilty plea to each of the counts. Mr. Munoz, with the assistance of counsel, appealed his conviction,

---

[44] 28 U.S.C. § 2253. *See also* 9th Cir. Rule 22-2 (requiring the district court to first consider whether a certificate of appealability should be issued).

[45] 28 U.S.C. § 2253(c)(2).

ORDER - 17

1  which was affirmed by the Ninth Circuit. He is now simply deprived of
2  the ability to pursue a § 2255 habeas motion because of the negligence
3  of his attorney. There is no substantial showing of the denial of a
4  constitutional right.

5  **F.   Conclusion**

6  Accordingly, IT IS HEREBY ORDERED:

7  1.   Mr. Munoz's Petition, **ECF No. 508**, is **DISMISSED** as
8  untimely.

9  2.   United States' Motion to Dismiss Defendant's Time-Barred
10 Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255,
11 **ECF No. 511**, is **GRANTED**.

12 3.   No certificate of appealability will issue.

13 4.   The Clerk's Office is to close this file and the civil case file.

14 **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this
15 Order and provide copies to all counsel and the U.S. Probation Office.

16 **DATED** this 10th day of April 2025.

17

18 _____
   EDWARD F. SHEA
   Senior United States District Judge

19

20 ORDER - 18